FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 4 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00851-BNB

TANYA M. HAYES,

    Applicant,

v.

DONNA ZAVISLAN, Warden, DWCF,

    Respondent.

## ORDER OF DISMISSAL

At the time she initiated this action, Applicant, Tanya M. Hayes, was a prisoner in the custody of the Colorado Department of Corrections (DOC) and was incarcerated at the Denver Women's Correctional Facility. She filed a "Writ of Mandamus" and a "Motion to File Without Payment of Filing Fee" with the Court on April 1, 2011. Pursuant to Magistrate Judge Boyd N. Boland's Order to Cure Deficiencies, Ms. Hayes filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on April 28, 2011. She was granted leave to proceed *in forma pauperis* on May 2, 2011.

On May 3, 2011, Magistrate Judge Craig B. Shaffer found that the Application was deficient. He noted that in addition to claims challenging the execution of her sentence, which are correctly brought pursuant to 28 U.S.C. § 2241, Ms. Hayes also asserted claims challenging the conditions of her confinement. Magistrate Judge Shaffer informed Ms. Hayes that claims challenging the conditions of her confinement must be brought in a separate action under 42 U.S.C. § 1983. Therefore, Magistrate Judge Shaffer directed Ms. Hayes to file an Amended Application and to assert only

claims challenging the execution of her sentence. Ms. Hayes filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on May 18, 2011.

On May 24, 2011, Magistrate Judge Boland ordered Respondent to file a preliminary response to the amended habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On June 10, 2011, Respondent filed a preliminary response. On June 24, 2011, Ms. Hayes filed a motion for extension of time to file a reply to the preliminary response. In the motion, Ms. Hayes also indicated that she was being released from the custody of the Colorado Department of Corrections on June 28, 2011. Magistrate Judge Boland granted the motion for extension of time on June 27, 2011, directing Ms. Hayes to file a reply on or before August 1, 2011. Ms. Hayes has not filed a reply within the time provided. Finally, on June 29, 2011, Respondent filed a motion to dismiss, arguing that the action was moot because Ms. Hayes had been released from the custody of the DOC. Ms. Hayes has not filed a response to the motion to dismiss.

The Court must construe Ms. Hayes' filings liberally because she is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as moot.

In the amended application, Ms. Hayes asserts that she did not receive credit against her sentence for 122 days of pre-sentence confinement and that the DOC improperly added 150 days to her sentence. Amended Application at 3. She argues that

2

her release was improperly delayed by 281 days, and she seeks immediate release from the custody of the DOC. *Id.* at 3-7.

In the Motion to Dismiss, Respondent argues that Ms. Hayes was released from the custody of the DOC on June 28, 2011, that her sentence has been discharged, and that she is not serving a period of parole. Therefore, Respondent contends that the Amended Application is moot and the Court lacks subject matter jurisdiction over this matter. The letter filed by Ms. Hayes on June 24, 2011, confirms that Ms. Hayes was to be released from DOC custody on June 28, 2011.

A section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" ***Mcintosh v. United States Parole Comm'n***, 115 F.3d 809, 811 (10th Cir. 1997) (quoting ***Preiser v. Rodriquez***, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfer, type of detention and prison conditions." ***Jiminian v. Nash***, 245 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996).

The Court has jurisdiction over a habeas application only so long as an Applicant remains "in custody." 28 U.S.C. § 2241(c)(1). However, the release of Ms. Hayes from the physical custody of the Colorado Department of Corrections does not necessarily moot the action if she can "demonstrate that serious collateral consequences of [her]

incarceration exist, *i.e.*, that there is 'some concrete and continuing injury.'" ***Holley v. Andraschko***, 80 Fed. Appx. 614, 615 (10th Cir. Oct. 22, 2003) (unpublished decision) (quoting ***Spencer v. Kemna***, 523 U.S. 1, 7 (1998)).

Here, Ms. Hayes has not demonstrated that she will continue to suffer a serious collateral injury as a result of her incarceration. Further, because Ms. Hayes is no longer in custody, it is impossible to grant her additional credit for pre-sentence confinement. Nor can the Court identify any concrete or continuing injury related to Ms. Hayes' claim. Therefore, "[b]ecause [the Applicant] has already been released from custody, there is nothing for [the Court] to remedy. 'Mootness, however it may come about, simply deprives [the Court] of [its] power to act.' The federal courts 'are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.'" ***Id.*** (quoting ***Spencer***, 523 U.S. at 18). Therefore, the Court will deny the Amended Application as moot and dismiss the action. Accordingly, it is

ORDERED that the Respondent's "Motion to Dismiss Matter as Moot" filed on June 29, 2011 (Doc. # 15) is GRANTED. It is

FURTHER ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DENIED and the action is dismissed as moot. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __4th__ day of ___August___, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00851-BNB

Tanya M Hayes
Prisoner No. 92842
Denver Women's Correctional Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 4, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk